Opinion
CHAPMAN, P. J.
The issue presented on this appeal is whether Penal Code section 417, subdivision (a)(2) forbids a person to draw a weapon in a threatening manner for the purpose of defending others.
We conclude that the Legislature did not intend to restrict the right to defend others, and thus, Penal Code section 417, subdivision (a)(2) does not forbid a person, in order to defend others, to draw a weapon in a threatening manner. We therefore hold that the requested jury instructions regarding “defense of others” should have been given, and the failure to give such instruction is reversible error. We reverse and remand.
Statement of Facts
One evening while at home, defendant heard tires squealing and saw a pickup truck make a 180° turn and come to a sudden stop. A man and woman were inside the truck. Defendant’s wife, who had also seen and heard the event, decided to go outside and see what was going on. Soon thereafter, defendant heard a woman scream, and twice heard his wife say that she believed the woman was being attacked and raped. Defendant grabbed his pistol, put it in his belt, and ran outside to the truck. As he approached, he saw the woman crying hysterically and trying to leave the truck. He also saw the man holding back the woman who he believed was being raped. When the man saw defendant, he lunged at him. At that point, defendant drew his gun. The man immediately backed off and asked if defendant was going to shoot him, to which defendant responded, “No, I’m just protecting the girl and myself.”
*Supp. 17 Almost immediately thereafter, defendant’s wife, who had already approached the car, stopped in front of defendant, asked the girl if she was all right, and then took defendant’s gun away. The gun, which could not have been shot without first cocking it, had been drawn for approximately 20 seconds.
Apparently, the situation calmed down, for defendant and defendant’s wife left the scene and went back into their house. Approximately one-half hour later, a police officer came to defendant’s house, and based on the identification of the couple in the truck, cited defendant for violating Penal Code section 417, subdivision (a)(2)—threatening with a weapon.
At the conclusion of trial, the defense attorney requested jury instructions regarding defense of another (CALJIC No. 5.32 and a tailored instruction based on Penal Code sections 692 and 694). The judge refused to give these instructions reasoning that the language of Penal Code section 417 specifically limited the defense to self-defense and not defense of others. On November 7, 1984, the jury found defendant guilty of violating Penal Code section 417, subdivision (a)(2).
Discussion
Defendant contends that the jury instructions should have included defense of others because Penal Code section 417, subdivision (a)(2)[1] (hereinafter all code references are to the Penal Code unless stated otherwise) does not conflict with sections 20, 26, 692 and 694, concerning defense of others. In other words, since section 417, subdivision (a)(2) does not expressly exclude defense of others, section 417, subdivision (a)(2) must be read consistent with the more general self-defense provisions. Moreover, the trial court had a sua sponte duty to instruct the jury that if the weapon drawing were occasioned by a fight or quarrel, then the general law pertaining to rescue was a defense.
The People maintain that the express mention of self-defense in section 417, subdivision (a)(2) disallows the use of defense of others and, therefore, the trial court did not err in refusing to give the requested instructions. According to the People, if the Legislature had wished to include in section 417, subdivision (a)(2) an exception for defense of others, they had ample opportunity to do so: In 1977, 1982, and 1984, the Legislature reviewed and amended section 417, but in none of these instances did they change the *Supp. 18 phrase “except in self-defense” to include other defenses. Since no changes were made, the People conclude, the Legislature must have meant to allow self-defense and only self-defense to remain in the statute.
While this is some indication as to the Legislature’s intent, we do not find it persuasive. People v. King (1978) 22 Cal.3d 12 [148 Cal.App. 409, 582 P.2d 1000] provides a helpful analogy. In King, a jury convicted defendant of violating section 12021,[2] which makes it a crime for an ex-felon to possess a concealable firearm. The judge refused to give instructions on self-defense and defense of others (requested by defendant) on the ground that section 12021 does not state that self-defense or defense of others is a defense to a charge of violating that statute. The California Supreme Court reversed, holding that the requested instructions should have been given.
The Supreme Court observed that the statutes concerning self-defense and defense of others have never “been amended to restrict the rights affirmed therein since its adoption over a century ago.” (People v. King, supra, 22 Cal.3d at p. 22.) Moreover, the court reasoned that “[s]ection 12021 does not expressly conflict with any of these provisions [on self-defense] and thus does not demonstrate a legislative intent to supersede or repeal them with respect to a felon’s right to self-defense. Accepted principles of statutory construction disfavor repeal by implication and compel wherever possible a construction that does not lead to absurd consequences. [Citation.] Provisions of the Penal Code are ‘to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice.’ (§ 4.) ‘Where the statute is susceptible of two reasonable constructions ... defendant is ordinarily entitled to that construction most favorable to him.’ [Citation.]” (Id., at p. 23.)
Thus, after pointing out that (1) the section did not expressly conflict with the right to self-defense and defense of others, and (2) a statute should be construed in defendant’s favor, the Supreme Court held that the defenses were exceptions to section 12021 provisions.
It is interesting to note that the dissent by Justice Clark in People v. King, supra, 22 Cal.3d at page 28, presents the same argument used by respondent in this case. Both contend that when the Legislature intends to provide an exception to a statute, it does so, and its failure to include such a defense *Supp. 19 shows a clear legislative intent to exclude such a defense. This argument was rejected by the rest of the Supreme Court justices.
The present case is substantially similar. The defense of others has remained unrestricted since its adoption over a century ago. It does not expressly conflict with section 417 since section 417 does not mention this exception. Thus, the failure to include the exception does not demonstrate a legislative intent to supersede or repeal the right to defend others. Also, the statute is susceptible of two reasonable constructions (the inclusion or exclusion of defense of others) and, therefore, defendant is ordinarily entitled to the construction most favorable to him.
Accordingly, in order to reconcile section 417 (prohibition of using a firearm in a threatening manner), and sections 692, 693, and 694 and Civil Code section 50 (permitting the use of deadly force in defense of others), we rely, by analogy, on People v. King, supra, 22 Cal.3d 12, which would permit use (or threat of use) of firearms in defense of others as a defense to section 417. As in that case, we find that the Legislature’s failure to include the defense does not bar its application.
The result is also supported by common sense, for if the People’s argument were correct, then a person with a firearm would most likely be powerless to prevent a rape or murder. A person could no longer draw his or her firearm in an attempt to frighten off an attacker. It does not appear that the legislative intent was to so restrict the use of defense of others.
In conclusion, we do not believe that it was the legislative intent to exclude defense of others as a defense to section 417. Moreover, the statute can be interpreted to include defense of others, and thus, should be interpreted in such a manner since that interpretation is more favorable to defendant. Therefore, we hold that defense of others is a defense to section 417.
Since the defendant did request jury instructions pertaining to defense of others, we need not reach the issue whether in this case the trial court had a sua sponte duty to give such instructions.
We reverse and remand in accordance with the views expressed herein.
Bonney, J., and Komar, J., concurred.

 Section 417, subdivision (a)(2) states in relevant part: “Every person who, except in self-defense, in the presence of any other person, draws or exhibits any firearm, whether loaded or unloaded, in a rude, angry, or threatening manner, or who in any manner, unlawfully uses the same in any fight or quarrel is guilty of a misdemeanor. ...” (Italics added.)

 Section 12021, subdivision (a) states in relevant part: “(a) Any person who has been convicted of a felony ... who owns or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person is guilty of a public offense....”